### APPEAL OF SUNFLOWER PACKING CORPORATION.

Docket No. 531.    Submitted July 6, 1925.    Decided October 30, 1925.

Where taxpayer, in 1921, exchanged an account receivable for real estate, which real estate had a readily realizable market value which was less than the amount of a mortgage thereon, *held*, that a closed transaction resulted, upon which taxpayer sustained a loss deductible in 1921.

*D. Webster Egan, Esq.*, for the taxpayer.
*A. Calder Mackay, Esq.*, for the Commissioner.

Before GRAUPNER, TRAMMELL, and PHILLIPS.

### FINDINGS OF FACT.

1. The taxpayer is a corporation with its principal place of business at Porterville, Calif. It was incorporated in 1918 and at that time took over the assets of the Foothill Orange Grove Co.

2. For several years prior to the period here involved the taxpayer and the predecessor company had made advances to A. P. Burroughs, an orange grower, for the purpose of financing the operation of an orange grove pending the picking and marketing of the crop. The unpaid balance as of December 31, 1920, was $3,712.33. The grove consisted of 7½ acres having a readily realizable market value not in excess of $350 per acre, upon which there was a mortgage of $4,100.

3. The receipts from the orange grove were not sufficient to enable Burroughs to meet his liabilities and, on December 31, 1920, the taxpayer transferred to general expense a part of the Burroughs account in the amount of $1,027.30. On March 26, 1921, it charged to profit and loss, as of December 31, 1920, the balance of the account then outstanding in the amount of $2,685.03, which represented the balance due for advances made over a period of several years. During 1921 it advanced further sums and, on October 31, 1921, charged to profit and loss the then outstanding balance of $668.20, representing the balance due for advances made during 1921.

4. In filing its return for 1920 the taxpayer claimed as a loss the amount of $1,027.30, and as a bad debt the amount of $2,685.03. The amount of $668.20 was claimed as a bad debt in the return filed for 1921.

5. In October, 1921, Burroughs deeded the orange grove to the taxpayer, subject to the mortgage thereon. The grove was sold by the taxpayer in 1922 for the amount of the mortgage.

### DECISION.

The deficiency should be computed in accordance with the following opinion. Final determination will be settled on consent or on 15 days' notice, in accordance with Rule 50.

### OPINION.

PHILLIPS: The petition alleged two errors as the grounds of appeal, but the proof was confined to the deductions claimed for 1920 and 1921 on the Burroughs account. Burroughs, over a period of years, became indebted to the taxpayer in the net amount of $4,380.53 and, in order to extinguish this liability, deeded his orange grove to the taxpayer in 1921. The debtor had no other property from which

the debt could be collected, and the taxpayer appears to have taken over the grove as a last resort, for such speculative value as it might have. This grove had a value not in excess of $2,625, against which there was a mortgage of $4,100.

Under the Revenue Act of 1921, where property is exchanged for other property having a readily realizable market value, there is a closed transaction from which profit or loss results. There are certain exceptions laid down in the statute which have no application to this appeal. The testimony discloses that the readily realizable market value of the orange grove received by the taxpayer in exchange for the account receivable was less than the mortgage thereon. The equity in the property had no more than a nominal or speculative value. The transaction having been closed in 1921 by means of this exchange, we must hold that the taxpayer sustained a loss in 1921 of $4,380.53.